82 F.3d 418
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Howard Randall MOSS, Plaintiff-Appellant,
v.
FARR MOTOR COMPANY, INC., Defendant-Appellee.
 No. 95-5140.
 United States Court of Appeals, Sixth Circuit.
 April 9, 1996.
 
 Before: KENNEDY and MOORE, Circuit Judges, and WELLS,* District Judge.
 PER CURIAM.
 
 
 1
 Plaintiff car-buyer, alleging a violation of the Motor Vehicle Information and Cost Savings Act, 15 U.S.C. § 1901 et seq., sought to hold defendant liable pursuant to 15 U.S.C. § 1989(a) (creating civil enforcement action).[1] The District Court found that, due to the age of the automobile transferred, defendant was exempted from the disclosure requirement which he was accused of violating and further found that the plaintiff failed to offer any evidence that the odometer statement was false. On these grounds, the District Court granted defendant's motion for summary judgment. We shall AFFIRM on the second ground.
 
 I.
 
 2
 Plaintiff purchased a 1981 Mercedes Benz SE from defendant on April 9, 1994, for $12,500. The odometer indicated that the car had been driven 62,938 miles as did the odometer disclosure statement presented by seller to buyer at the time of purchase.
 
 
 3
 Soon after purchase of the car, plaintiff learned that the vehicle was originally manufactured for use outside the United States and was subsequently "Americanized" for sale within the United States. Such a procedure is required to bring the vehicle into conformance with federal automobile standards and includes conversion of the odometer from one that records kilometers to one that records miles. A car that has been put through such a conversion is known as a "grey market" automobile. See Appellant's Brief at 10; Hamrick v. United States, 585 F.2d 1015, 1017 (Ct.Cl.1978).
 
 
 4
 Some car dealers are of the opinion that because of the change of odometers, the odometers of grey market automobiles are inherently unreliable. Therefore, these car dealers conclude, sellers ought not to represent that they know such cars' actual mileage. On this basis, plaintiff argues that the defendant's odometer disclosure statement was a knowing misrepresentation in violation of federal law.[2]
 
 
 5
 Defendant, in response, argues that he cannot be held liable under federal law because the car sold to plaintiff was thirteen years old and federal law exempts cars ten years or older from disclosure requirements. Furthermore, defendant argues plaintiff presented no evidence that the odometer reading was false. Finally, defendant argues that plaintiff offered no evidence that defendant had any knowledge that the odometer reading was false or inaccurate.
 
 
 6
 The District Court found that because the automobile transferred in this case was over ten years old, the odometer disclosure requirements did not apply. See 49 C.F.R. § 580.6(a)(3). Furthermore, the District Court found that plaintiff presented no evidence that the odometer reading was false.
 
 II.
 
 7
 Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c). We review the record with all reasonable inferences made in favor of the non-moving party, Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), and we review the District Court's grant of summary judgment de novo. City Mgmt. Corp. v. United States Chem. Co., 43 F.3d 244, 250 (6th Cir.1994).
 
 
 8
 Plaintiff's cause of action is based on a law which provides for civil actions to enforce federal odometer requirements. See, 15 U.S.C. § 1989 (currently codified at 49 U.S.C. § 32710). Under odometer disclosure laws, a transferor must give the transferee the following written disclosure "(A) Disclosure of the cumulative mileage registered by the odometer; or (B) Disclosure that the mileage is unknown if the transferor knows that the mileage registered by the odometer is incorrect." 15 U.S.C. § 1988(a) (currently codified at 49 U.S.C. § 32703).
 
 
 9
 In this case, defendant provided an odometer disclosure statement to plaintiff. All agree that the disclosure statement accurately reflected the odometer reading. Liability would require that (1) the mileage on the odometer had been false, and (2) defendant knew it. Plaintiff fails to offer sufficient evidence of either of these elements to withstand defendant's motion for summary judgment.[3]
 
 
 10
 Plaintiff offered minimal evidence that the odometer reading was in fact false. First, he appears to argue that grey market automobiles, because their odometers have been converted from ones that measure in kilometers to ones measuring miles, are inherently false. Such an inference seems arbitrary and unsupported. A simple mathematical formula converts kilometers to miles with reasonable accuracy (a kilometer equals approximately 0.62 miles). Plaintiff has provided no basis for us to assume that whoever "federalized" the car did not employ the proper equation. Plaintiff's only other evidence of a false odometer reading was the fact that the odometer of the thirteen year-old car recorded only 62,938 miles. Such low mileage may give occasion to wonder, but it is very remote evidence of odometer tampering. Moreover, the owner who sold the car to the dealership had used it as a second car for most of her six-year ownership. During one year it was not even licensed. Finally, plaintiff's own witness testified that he could not say that the odometer in this case was inaccurate. Such evidence is, at best, the proverbial "scintilla" whose existence does not preclude summary judgment. See, e.g., Copeland v. Machulis, 57 F.3d 476, 479 (6th Cir.1995) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)).
 
 
 11
 Viewing the evidence in a way most favorable to the plaintiff, we can only conclude that at most defendant was uncertain as to the accuracy of the odometer. That is, one might infer from evidence in the record that the automobile in question was a grey market automobile, and that, therefore, its recorded mileage may have been inaccurate. But the statute alleged to have been violated in this case establishes a rule that, absent knowledge to the contrary, a transferor may disclose the mileage registered on the odometer and thus fulfill his obligation under the statute. He need not know of its accuracy. See 15 U.S.C. § 1988 (currently codified at 49 U.S.C. § 32703). Indeed, a used car seller is rarely in a position to be 100% certain of the accuracy of the odometer in the cars he sells.[4]
 
 III.
 
 12
 For the reasons stated, we AFFIRM the District Court's grant of summary judgment in favor of defendant.
 
 
 
 *
 Honorable Lesley Brooks Wells, United States District Judge for the Northern District of Ohio, sitting by designation
 
 
 [1]
 Effective July 5, 1994, 15 U.S.C. §§ 1981-91 were repealed and replaced by 49 U.S.C. §§ 32701-32711. This case, having arisen in April of 1994, is governed by the earlier law which is substantially identical to current law for our purposes here
 
 
 [2]
 The disclosure statement at issue in this case includes the following language:
 "I, [seller's name,] Certify [sic] to the best of my knowledge that the odometer reading on the vehicle described below is the actual mileage of the vehicle...."
 
 
 [3]
 Because plaintiff failed to offer sufficient evidence on these issues, we need not confront the issue of the legality of the regulation by which defendant claims exemption to the statutory disclosure requirement. Furthermore, because the odometer's inaccuracy is a prerequisite to the second requirement, establishing plaintiff's failure to offer sufficient evidence of the odometer's inaccuracy by itself suffices to dispose of plaintiff's claim
 
 
 [4]
 Plaintiff urges that the statute be construed to say, "if the odometer reading should be known to the transferor to be different from the number of miles" actually traveled but such a construction does not help him in any event. As stated, plaintiff's own witness, a competing car dealer, could not say that the odometer in this case was inaccurate